RICHARD KIRKLAND, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kirkland v. Commissioner
Docket No. 24032-83.
United States Tax Court
T.C. Memo 1986-492; 1986 Tax Ct. Memo LEXIS 120; 52 T.C.M. (CCH) 707; T.C.M. (RIA) 86492; September 29, 1986. Judd Burstein, for the petitioner. John E. Becker, Jr., for the respondent. WILLIAMS
MEMORANDUM OPINION WILLIAMS, Judge: The Commissioner determined a deficiency in petitioner's Federal income tax for 1979 in the amount of $520,402.61 and an addition to tax pursuant to section 6653(b) [1] in the amount of $261,491.80. The issue that this Court must decide is whether respondent's notice of deficiency was prepared through unlawful use of grand jury materials. Because we conclude that the notice was prepared on the basis of publicly available information, we do not reach the question *121 of the effect of respondent's continued use of copies of grand jury materials notwithstanding the United States Supreme Court's contrary pronouncements in and . All of the facts have been stipulated and are so found. Petitioner resided at a Federal correctional institution either at LaTuna, Texas or at Boron, California at the time his petition was filed. On September 14, 1979, respondent's Manhattan Criminal Investigation Division initiated an investigation of petitioner. The criminal case was assigned to Special Agents Charles C. Brock and Karen D. Freiderick. On October 10, 1979, Revenue Agent Charles Vassallo was assigned to be part of the joint investigation. On August 20, 1980, Revenue Agent Vassallo suspended working on the case after being told that the United States Attorney's Office for the Southern District of New York intended to make a request for Internal Revenue Service *122 participation in a grand jury investigation of petitioner. That formal request was made on October 9, 1980 and approved on November 25, 1980. Pursuant to the Internal Revenue Manual, on January 27, 1981, Revenue Agent Vassallo began to prepare a report based on information which he had gathered prior to August 20, 1980. By report dated March 9, 1981, Revenue Agent Vassallo closed the case to Fraud Suspense pending the outcome of the criminal case against petitioner. On February 11, 1982, the grand jury indicted petitioner and others for tax evasion, obstruction of justice and other offenses for the years 1976 through 1979. In Count 4 of the indictment the amounts of the approximate taxable income and approximate income tax charged for the taxable year 1979 are $756,463.74 and $370,873.87, respectively. On April 8, 1982, petitioner pled guilty to violating section 7201 for the year 1979. At his guilty plea hearing he submitted an affidavit and made an oral confession admitting in each to evading taxes of approximately $370,873.87 on approximate taxable income of $756,463.74 for the year 1979. He also admitted to being the source of $232,000.00 in cash which was used to purchase *123 who houses. On May 24, 1982, petitioner was sentenced to serve ten years in prison and to pay a find of $15,000.00. He is presently incarcerated at the Federal Correctional Facility in Boron, California. On June 3, 1982, the Honorable Thomas P. Griesa, U.S. District Judge, signed an Order releasing "all grand jury testimony, books, records, other writings and information derived from the grand jury process to the Internal Revenue Service for the purpose of determining, establishing, assessing and collecting the Federal civil tax liability of Richard Kirkland, and for use in any judicial proceedings related thereto." On August 19, 1982, Revenue Agent Vassallo received the civil case back from Fraud Suspense and resumed work on it. On March 30, 1983, petitioner was sent a 30-day letter stating that the government had approved a jeopardy assessment against him for the taxable year 1979 pursuant to section 6861. The jeopardy assessment's unreported income figure of $775,463.74 was based on the $756,463.74 indictment figure plus the $1,000.00 for petitioner's personal exemption, plus $18,000.00 that petitioner had paid for jewelry based on co-defendant Anthony Marinelli's admissions *124 at the time of Marinelli's guilty plea. These figures were later substantiated by the grand jury materials. Presumably, though the record does not reflect it, Judge Griesa's 6(e) Order was vacated after Baggot and Sells were decided. Petitioner concedes (1) that he is collaterally estopped from denying that his underpayment of tax for 1979 was due to fraud and (2) that he had $775,463.74 of unreported income for 1979. Petitioner does not challenge the correctness of the amount of the determined deficiency in his Federal income tax for 1979, but he argues that respondent should not be permitted to determine the deficiency against him by unlawfully using grand jury materials in contravention of Baggot and Sells. We do not reach petitioner's argument because it is clear in this record that petitioner admitted to failing to report $756,463.74 in taxable income at the hearing on his guilty plea before the Honorable Henry F. Werker, U.S. District Judge. Petitioner's guilty plea and statements made at his hearing are a matter of public record as are co-defendant Marinelli's guilty plea and admissions at the same hearing. Petitioner concedes the $18,000.00 payment that *125 Marinelli admitted making to petitioner was additional income in 1979. Since an alternative, public source supports respondent's determination, we will not address petitioner's argument. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated.↩